IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRENDA GEIGER, *et al.*,      )<br>     )<br>Plaintiffs,      )<br>     )<br>v.      )<br>     )<br>BREAKERS BILLIARD CAFE, INC., *et al.*,      )<br>     )<br>Defendants/Third-Party Plaintiffs,      )<br>     )<br>v.      )<br>     )<br>BRYANT POMAJAMBO,      )<br>     )<br>Third-Party Defendant.      ) | Civil Action No. 1:24-cv-1013 (RDA/IDD) |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendants' Motion to Re-Open (Dkt. 36) and Motion to Enforce Settlement (Dkt. 37) (collectively, the "Motions") and Plaintiffs' Notice of Settlement (Dkt. 42). After receiving an extension, Plaintiffs failed to file responses to the Motions by their April 22, 2026 deadline. Dkt. 41. This Court has dispensed with oral argument as it would not aid in the decisional process, and this matter is now ripe for disposition. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). Considering the Motions and the Notice of Settlement, the Court DENIES the Motions and DIRECTS the parties to contact the chambers of Magistrate Judge Ivan D. Davis to schedule a settlement conference for the reasons that follow.

### I. BACKGROUND

On June 11, 2024, Plaintiffs initiated this action, which arises out of Defendants' alleged misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs to promote their club. Dkt. 1 at 2. On October 28, 2025, Plaintiffs filed a consent motion for referral to a magistrate judge for the limited purpose of conducting a settlement conference,

Dkt. 33, which the Court granted on October 30, 2025, Dkt. 34. After receiving notice from the Chambers of the assigned Magistrate Judge that the parties had reached a preliminary agreement to resolve the case, and having otherwise received no further filings from the parties related to the matter, on March 4, 2026, the Court ordered the Clerk of Court to administratively close the case and the parties to file a joint stipulation of dismissal by March 27, 2026, or a motion to reopen the case by April 3, 2026. Dkt. 35.

On April 2, 2026, Defendants filed the Motion to Re-Open, reporting that "the parties have not yet reached a formalized settlement agreement," and describing a dispute between the parties about terms that has prevented them from executing any agreement. Dkt. 35. The same day, Defendants filed the Motion to Enforce Settlement, attaching the alleged settlement which comprises the following email thread. Dkt. 37-1. On November 12, 2025, counsel for Defendants emailed counsel for Plaintiffs:

> John,
>
> Reference to your November 6, 2025, telephone conference with Courtney.
>
> It is my understanding that the referenced case settled for the total amount of $26,000.00 reflecting $2,000 for each plaintiff. You agreed to accept three payments in the total amount of $8,666.67 each. The first payment 14 days after execution of the settlement document. The second payment of $8,666.67 six weeks after signing and then the third payment 10 weeks after the signing date.
>
> Our client accepts these terms, and we agree that the matter is settled. It is my understanding you are drafting the release and Order for the court.
>
> Best regards,
> Mark D. Cummings

*Id.* at 2. The same day, counsel for Plaintiffs responded:

> That's right, that is the payment schedule we agreed to, I was doing 10 other things when we spoke. We'll handle the release and notice of settlement.

2

j

*Id.* Counsel for Plaintiffs subsequently sent Defendants a draft Settlement Agreement. Dkt. 37-2. Defendants report that the draft Settlement Agreement "adds three paragraphs (Paragraphs 3, 4, and 5) that were not discussed or agreed upon during the November settlement." Dkt. 37 at 2. Defendants also state that the parties have only agreed to the terms written in Paragraph 2 of the draft Settlement Agreement. *Id.*

Instead of filing responsive briefs, on April 23, 2026, Plaintiffs filed a Notice of Settlement, reporting that "they have reached a settlement in principle of all claims asserted in this action," and requesting thirty days for the parties to submit a stipulation of dismissal. Dkt. 42.

## II.  LEGAL STANDARD

"District courts have the inherent authority to enforce settlement agreements." *Patel v. Barot*, 15 F. Supp. 3d 648, 653 (E.D. Va. 2014) (citing *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002)). "Because exercise of the authority to enforce settlement agreements depends on the parties' agreement to a complete settlement, the court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement." *Hensley*, 277 F.3d at 540. "In deciding whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties." *Moore v. Beaufort Cnty., N.C.*, 936 F.2d 159, 162 (4th Cir. 1991). "If there is a factual dispute over the existence of an agreement, over the authority of the attorneys to enter into the agreement, or over the agreement's terms, . . . the court must 'conduct a plenary evidentiary hearing in order to resolve that dispute,' and make findings on the issues in dispute." *Hensley*, 277 F.3d at 541 (quoting *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid

3

agreement." *Id.* (quoting *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir.1997)).

### III. ANALYSIS

In the Motion to Enforce, Defendants argue that the parties reached a complete settlement agreement with ascertainable terms and conditions on November 12, 2025. Dkt. 37. Although Plaintiffs failed to file a response,[1] Defendants' Motion to Reopen provides a clear indication that there was no finalized agreement as to the terms of any potential settlement. Dkt. 35 (reporting that "the parties have not yet reached a formalized settlement agreement"). Moreover, Defendants have provided the relevant correspondence between the parties' counsel, and the authenticity of such correspondence is undisputed, such that no evidentiary hearing is necessary.

Here, the email thread indicates that the parties agreed in principle to a monetary settlement amount and payment schedule; however, the Court cannot find that a complete agreement was reached with ascertainable terms and conditions. In the email thread, the parties expressly based the agreed payment schedule around the future creation of an executed "settlement document," which did not exist at the time and, to the Court's knowledge, still does not exist. *See* Dkt. 37-1 at 2 ("That's right, that is the payment schedule we agreed to . . . ."); *id.* ("The first payment 14 days after execution of the settlement document. The second payment . . . six weeks after signing and then the third payment 10 weeks after the signing date."); Dkt. 36 ("To date, the parties have not yet reached a formalized settlement agreement."). Thus, the Court cannot ascertain when any such payments would be due where no settlement document has been executed. Moreover, the fact itself that the parties based their agreement around the later agreement to and execution of a

---

[1] The Fourth Circuit has recently admonished district courts against granting motions simply because no opposition is filed. *See Guzman v. Acuarius Night Club LLC*, 2026 WL 406093, at *3-4 (4th Cir. Feb. 13, 2026) (reversing district court because "Rule 12(b)(6) simply does not provide for any such default relief").

formal settlement document indicates that the email thread is not itself a complete agreement but an agreement to agree and that additional terms were contemplated by the parties. *Cf. Irving v. PAE Gov't Servs., Inc.*, 296 F. Supp. 3d 761, 778 (E.D. Va. 2017) ("[W]here parties 'intend to culminate their agreement with a signed contract, there is a strong presumption that no contract exists until a contract is formally signed and in writing.'" (quoting *Moorman v. Blackstock, Inc.*, 276 Va. 64, 76–77 (2008))), *aff'd*, 736 F. App'x 412 (4th Cir. 2018). This conclusion is further supported by Defendants' representations in their Motion to Enforce that of the eighteen paragraphs in the draft Settlement Agreement, which contain many terms not included in the email thread, only three had not previously been discussed or agreed upon. Dkt. 37 at 2. For all of these reasons, the Court cannot conclude that a complete agreement was reached on November 12, 2025, nor determine the terms and conditions of that agreement. *See Hensley*, 277 F.3d at 540. Furthermore, in the Motion to Reopen, Defendants, the proponents of the Motion to Enforce, concede that there is no complete agreement. Dkt. 35 (reporting "the parties have not yet reached a formalized settlement agreement"). Accordingly, the Motion to Enforce will be denied.

However, because the parties have reached an agreement in principle and appear to agree to preliminary terms related to a payment amount, Dkts. 37, 42, the Court will also deny the Motion to Re-Open at this time. It appears to the Court that the parties could benefit from the assistance of a neutral party because both parties maintain that there is a settlement in principle. Dkts. 37, 43. To facilitate the execution of a formalized settlement agreement, the parties will be directed to contact the chambers of the assigned Magistrate Judge to schedule a settlement conference.

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Enforce Settlement (Dkt. 37) and Motion to Re-Open (Dkt. 36) are DENIED; and it is

5

FURTHER ORDERED that the parties are DIRECTED to contact the chambers of U.S. Magistrate Judge Ivan D. Davis within FOURTEEN (14) DAYS of the issuance of this Memorandum Opinion and Order to schedule a settlement conference at a date and time to be set by Judge Davis; and it is

FURTHER ORDERED that, within FOURTEEN (14) DAYS of the settlement conference with Judge Davis, the parties are DIRECTED to submit a Notice to the Court indicating whether: (i) the parties have settled the case; or (ii) the parties request to return the case to the Court's active docket (with an agreed proposed schedule to refile and complete briefing on the Motions to Dismiss (Dkts. 21, 27)).

It is SO ORDERED.

Alexandria, Virginia
April 29 , 2026

/s/

Rossie D. Alston, Jr.
United States District Judge

6